In the Matter of the Application of GEORGE E. PIERCE to Vacate, Annul and Cancel the License of THE TONAWANDA AND GRAND ISLAND FERRY COMPANY, INC., and to Grant a License to Said GEORGE E. PIERCE to Maintain and Operate a Ferry from the City of Tonawanda, Erie County, New York, to Grand Island, Erie County, New York.

THE TONAWANDA AND GRAND ISLAND FERRY COMPANY, INC., and Others, Appellants; GEORGE E. PIERCE and THE TOWN OF GRAND ISLAND, Respondents.

Fourth Department, November 27, 1918.

Highways — petition under Highway Law for license to operate ferry — jurisdiction of County Court to pass upon controverted questions of fact — injunction restraining licensee from using property — eminent domain.

An order of the County Court, granting a license pursuant to section 270 of the Highway Law, to keep, maintain and operate a ferry across the eastern channel of the Niagara river from the city of Tonawanda to the town of Grand Island was granted upon the verified petition of the petitioner, a resolution of the town board of the town of Grand Island,

a copy of the order of the County Court granting a prior license to the petitioner, and a copy of the petition and consent upon which that order was granted, together with two affidavits in opposition. The petition upon the application for the prior license stated that the petitioner and its immediate successors had maintained and operated a ferry for at least twenty-five years, and that the petitioner was a lessee of the landings, docks, wharves and piers, subject only to the rights of the public and State of New York in said premises.

*Held,* that the license was properly granted and that the order should be affirmed.

The County Court upon such a petition has jurisdiction to pass upon all controverted questions of fact.

If a licensee finds himself without title to some property which he needs in the maintenance and operation of the ferry, he may be restrained from the use of that property in a suit in equity until he acquires the same under the provisions of law for the exercise of the right of eminent domain.

The fact that the petitioner is an individual does not deprive him of the benefit of the right of eminent domain.

APPEAL by The Tonawanda and Grand Island Ferry Company, Inc., and others, from so much of an order of the County Court of Erie county, entered in the office of the clerk of said county on the 18th day of July, 1918, as grants the petitioner George E. Pierce a license to keep, maintain and operate a ferry across the eastern channel of the Niagara river from the city of Tonawanda to the town of Grand Island and to collect and receive ferriage for the transportation of travelers and property over said ferry and permits the said Pierce the use of the ferry and its equipment in the protection of life and property.

*Ray M. Stanley* [*Stanley & Gidley,* attorneys], for the appellants.

*Clark H. Hammond* [*Hammond & Hinkley,* attorneys], for the respondents.

DE ANGELIS, J.:

The order under review was granted in a proceeding taken pursuant to article 10 of the Highway Law. That portion thereof particularly applicable is found in section 270 and is as follows: " The County Court in each of the counties

of this State or the City Court of a city, may grant licenses for keeping ferries in their respective counties and cities, to such persons as the court may deem proper, for a term not exceeding five years. No license shall be granted to a person, other than the owner of the land through which that part of the highway adjoining to the ferry shall run, unless the owner is not a suitable person or shall neglect to apply after being served with eight days' written notice from such person of the time and place at which he will apply for such license, or having obtained such license, shall neglect to comply with the conditions of the license or maintain the ferry." (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], § 270.)

That part of the order from which no appeal has been taken canceled a license granted to the Tonawanda and Grand Island Ferry Company, Inc., upon the ground that it failed to maintain the ferry.

Grand island is an island from twelve to fourteen miles in length and about seven miles in width situated in the Niagara river and constitutes one of the towns of the county of Erie. As we all know, the general direction of the Niagara river is northerly. The general direction of the long way of Grand island is northerly and southerly. The ferry in question runs from the mainland at a point west of the State bridge over the Erie canal in front of great lot 87 in the city of Tonawanda, in the county of Erie, across the easterly channel of the Niagara river to the landing and docks of the White Haven farm in the town of Grand Island. The land where the westerly terminus of the ferry ends has been owned since the year 1904 by the appellant Frederick L. Mesmer, subject to the public rights therein in connection with the ferry. There is another ferry known as the upper ferry which crosses the east channel of the river from Grand island to Buffalo maintained and operated by the Buffalo and Grand Island Ferry Company. The city of Buffalo and the city of Tonawanda are about ten miles apart.

There seems to be no doubt that the ferry which is the subject of this litigation is a public necessity.

On the 2d day of December, 1914, the County Court of Erie county pursuant to statute, granted a license to the appellant the Tonawanda and Grand Island Ferry Company,

Inc., to maintain and operate the ferry in question for the period of five years from the 1st day of December, 1914. That order was granted upon the petition of such company verified by Frederick L. Mesmer, such appellant, the president of the company, and his written consent in which he in express terms joined in the application for the license. This company operated the ferry until May 15, 1918, at which time the company ceased to operate the ferry and the ferry has not been operated since that date. In the petition for that license there are these allegations:

" *That your petitioner and its immediate successors* [sic] *have maintained and operated a ferry for a number of years, at least twenty-five,* from the landing directly west of the State Bridge over the Erie Canal in front of Great Lot 87 in the City of Tonawanda, in the County of Erie, New York, across the east channel of the Niagara river to the landing on the farm known as the White Haven farm, in the Town of Grand Island, county and State aforesaid.

" That your petitioner desires a license to keep, maintain and operate a ferry at the same place.

" That your petitioner is the lessee of the landings, docks, wharves and piers, both on the main shore and on Grand Island, where said ferry lands, *subject only to the rights of the public and the State of New York in said premises.* * * *

" Your petitioner further states that Frederick L. Mesmer is the owner and lessor of the landings to be used and occupied by your petitioner, and has and does consent to this application, which consent is hereafter set forth. * * *

" That this ferry is necessary for the convenience and accommodations of the public across Niagara river at the place aforesaid." (The italics are mine.)

The order under review was granted upon the verified petition of the petitioner, a resolution of the town board of the town of Grand Island, a copy of the order of the County Court granting the license to the Tonawanda and Grand Island Ferry Company, Inc., and a copy of the petition and consent upon which that order was granted, read in favor of the petitioner, and the two affidavits of Frederick L. Mesmer and the affidavit of John L. Nice, read in opposition. No other evidence was taken and none asked for.

Fourth Department, November, 1918.          [Vol. 185.

No question is raised regarding the eastern terminus of the ferry.

Unfortunately there is not in the papers any definite description of the public roadway leading from the western terminus of the ferry to the main highway. The language of the petition, however, is broad enough to show that such a public way existed and had existed for all the years of the existence of the ferry. I think that the County Court passed upon this question favorably to the respondent upon evidence sufficient to sustain the finding. There is no evidence that the appellant Mesmer had anything more than the usual interest of a riparian owner in the foreshore on the eastern front of his farm. The evidence does not definitely fix the location of the dock or landing place at the western terminus of the ferry, but it may be assumed that substantially all of the same was upon and over the foreshore, and, therefore, in any event, subject to the right of the public to use the same. (*City of Buffalo* v. *D., L. & W. R. R. Co.*, 190 N. Y. 84, 96.)

The force of the claim of the appellant Mesmer seems to be that this ferry is only a private ferry, although that claim is not made in so many words. That position is so inconsistent with that taken when the license of December 2, 1914, was obtained and with the history and all the circumstances of the case as not to entitle it to serious consideration.

The suggestion of Mesmer, that, in any event, the public way at the western terminus of the ferry is only 20 feet in width and that it would be necessary for the respondent to use a dock 150 feet in width to avoid overlapping, has no validity as already shown. The problem of overlapping presents no serious difficulty as will appear by reference to the case of *Morse* v. *Wheeler* (68 App. Div. 428; affd., on the opinion of this court, 175 N. Y. 502).

The counsel for the appellants urges upon our consideration the proposition that the County Court had no jurisdiction to pass upon controverted questions of fact. I do not think that that proposition can be successfully maintained. The general legislation for the licensing of ferries, preceding article 10 of the present Highway Law in this State, began as far back as chapter 64 of the Laws of 1797. After that came an

act entitled " An Act concerning Ferries," passed April 5, 1813 (R. L. of 1813, chap. 64, § 2; 2 R. L. 210, § 2). Later came part 1, chapter 16, title 2, of the Revised Statutes (1 R. S. 526–528, §§ 1–10), chapter 568 of the Laws of 1890 (Gen. Laws, chap. 19, §§ 170–174) and chapter 330 of the Laws of 1908. Preceding and concurrent with all this legislation there were many special acts of the Legislature establishing and providing for ferries. My attention has not been directed to any case limiting the jurisdiction of the County Court, or its predecessor, the Court of Common Pleas, in granting licenses for ferries. If I am mistaken in the view that the County Court is clothed with jurisdiction to pass upon all controverted questions of fact in applications for licenses to maintain and operate ferries, it certainly must have jurisdiction to grant a license, in a proper case, where no license exists, and, if the licensee in that case finds himself without title to some property which he needs in the maintenance and operation of the ferry, he may be restrained from the use of that property in a suit in equity until he acquires the same under the provisions of law for the exercise of the right of eminent domain. In one of the briefs the statement is made that a suit is already pending to determine the title to property referred to in the petition herein. The fact that the petitioner in the matter now before the court chances to be an individual would not deprive him of the benefit of the right of eminent domain. (Lewis Em. Dom. [3d ed.] § 253.)

It follows from the foregoing that the order appealed from should be affirmed, with costs.

All concurred.

Order, so far as appealed from, affirmed, with costs.